I call our second case of this morning, number 17-1039, Garza v. Citi Group Inc. I have a document from yesterday and a document from today. I guess Mr. Bilba is for the appellant and Ms. Burke for the appellate. May it please the court, Bruce Berenbaum from Paul Weiss, Rifkin, Wharton & Garrison for the cross-appellant Citi Group and with the court's permission I'd like to reserve three minutes on rebuttal. The question on this cross-appeal that the panel has asked us to address today is the issue of whether a district court may award legal fees as part of a Rule 41B imposition. Now you've got a published 4th Circuit case and a 7th Circuit case that go against you saying that you need some type of specific or express authorization in a statute to take costs and have them extrapolated to include attorney's fees. Now I realize you've got a couple of decisions from other circuits, the 10th and the 8th, but they're unpublished. Anything else that we should, any other decisions out there? Well, your honors, I think you correctly summarized the circuit court landscape. You have the 4th and 7th and then you have the 8th and the 10th. Any idea why the 8th and the 10th didn't want to make their opinions presidential? I have no idea. I could take a wild guess. Didn't the 6th also go the way of the 4th and 7th, although it didn't need to address the question of underlying, the underlying statute providing for attorney's fees as part of that court? That's correct, but your honors, I would also, I think the district court cases are worth looking at in this case. I mean the district courts are used to dealing with this and I think the overwhelming number of district court cases which we cite. But it's not only the circuits. We also have the Supreme Court that's told us fairly recently in Baker-Botz that we need explicit statutory authority to overcome the American rule. What is your textual argument based on Rule 41 or the context and structure of the rules that would support the notion that the term costs there without specific reference to attorney's fees, nonetheless includes attorney's fees? Your honor, we're aware of that case. First of all, we think that begs the question. This is an exception to the American rule. There's no question about it. The question is whether Congress intended to make an exception. In the Supreme Court case in Keytronic, the court said, and I'm quoting, absence of specific reference to attorney's fees is not dispositive if the statute otherwise invents an intent to provide such fees. How do you get around the analogous Supreme Court decision in Merrick, which as to Rule 68 essentially says you need a statute to tack on attorney's fees to cost? Well, I actually think, your honor, Merrick supports our position. How so? Because if it was simply a matter of pure construction of the words, that is the absence of attorney's fees, Merrick wouldn't have gotten to where it got. Merrick did hold that under certain circumstances where the underlying statute provides for fee shifting, then you could permit it. So Merrick stands for the proposition that you're not wedded, Judge Krauss, this was your question, you're not wedded to the exact absence of the word attorney's fees to answer the question. Okay, where is the underlying statute here then? Well, your honor, our argument, first, in the event the court were to adopt, call it the fourth and seventh circuit interpretation of 41D, I think the district court made clear that it did not think it needed to make any findings on this issue. So we would argue that this should be remanded for the district court to make a finding. Yeah, the court clearly in footnote 9 left that possible bad faith. Maybe, I guess, suppose you could try to see if you could find another statute. In certain discovery issues, I guess you could have a rule 37 possibility. I mean, there's ways to do it, there's inherent powers that courts have. But you're saying what you brought before us is that rule 41 costs can include attorney's fees. I'm having trouble saying that that's the case in light of Supreme Court precedent and actual precedents, not unpublished opinions of other circuits. Well, your honor, let me address, first of all, obviously, this circuit court is not bound by the other two circuit courts. But let me address the fourth and seventh circuit rule. Yeah, but you're asking me to create a circuit split then, right? I think there is. And we are by merit. I mean, the fourth and seventh circuits essentially embrace the rationale of merit to define cost to include attorney's fees only where the underlying statute does. Let me address that. Let me address that. I mean, your honor, we think the seventh circuit rule does not make sense for the following reason. First of all, the underlying statutes that the court's talking about in those cases provide for attorney's fees in the event that the party is a prevailing party. So it's a merit-based calculus. Rule 41D is not a merit-based calculus. There's no reason why the concept that Congress said that a prevailing party should receive fees relates to Rule 41D, which is purely a procedural rule. It's not a substantive rule. And this case illustrates the problem with that analysis because this is a diversity case where the court is applying the substantive law of the states. And in many diversity cases, including this one, you have common law, you have contract law, and you have tort law. Now, there will be no legislative intent to look at in terms of fee shifting in a diversity case. So saying that the court should look at, under Rule 41D, the underlying statute, the merit statute, in a diversity case like this doesn't follow. And, you know, the eerie tells us that the federal court follows federal law and procedure and substantive law. So why should, for example, a contract case, which this is essentially, a contract case or a tort case, have a different outcome because you're in state common law? And there will be no statute to look at under these state common law cases. So we think the far more sensible reading of the rule is to provide discretion to the district courts and that the Congress, when it passed or when it approved Federal Rule 41D, inherent in the rule is the bad faith. The bad faith in this case illustrates that the bad faith in the vexatious litigation is the withdrawal of a case in one court and bringing the same court, same case again. But isn't that a different statute? You know, doesn't the court have jurisdiction under a different statute to deal with vexatious litigation and award attorney's fees in that context? That rule wasn't raised here. It was raised under Rule 41. And what's the difference between 41 and 68? Because 68, if you're saying it has to do with a prevailing party, the party that's paying the cost to include attorney's fees is actually the prevailing party. And because they won on the merits, they just didn't win enough. But, Your Honor, in the 41D context, you can have a perfectly meritorious case by the plaintiff, and it's still subject to 41D. That's nothing to do with the strength of the underlying case. It has to do with the procedural problem of a plaintiff bringing repetitive cases. So the notion that the availability of attorney's fees should turn on whether you're the prevailing party or not really is not consistent with the gatekeeping function of Rule 41. Rule 41 is something that the court rules on at the outset of a case to determine whether the gate opens. It's irrelevant whether the party on the plaintiff's side has a good case or a bad case. So we think the analogy to this called the Seventh Circuit Rule doesn't really make sense. So you're left with the choice of either saying that attorney's fees are not allowed at all because the word attorney's fees does not appear, or you're left with, we believe, the right answer, which is the district court has the discretion to impose attorney's fees to make the rule have some teeth. In this case, this case is a great example. The cost in this case were $200. Time out. Are you saying that the district court has the authority to do so under Rule 41? Under Rule 41D, yes. To impose, that's what these district court cases and what the Eighth and the Tenth Circuit says. Rule 41D gives the district court, does not require the imposition of attorney's fees. It permits the imposition of attorney's fees within its discretion. Permits the imposition of costs, right? And the question is whether that includes attorney's fees. Correct. But then let's go back to, how do I get around Alyeska from 1947 years ago? And it essentially says you need some type of express statutory authority in order to go further. And, Your Honor, the express statutory authority is the rule itself. The Rule 41D is an exception. To the extent you're making a textual argument, you seem to be pointing to 41A2. Correct. If you could just address that for a second. Because 41A2 on its face also provides for costs, not for attorney's fees. Is there any case from this court where we have ever held that even 41A2 provides for attorney's fees within the definition of costs? I think the Kindercare case, which is a 2016 case in the Third Circuit, does that. It talks about that attorney's fees are a commonly imposed prerequisite to permitting a plaintiff to unilaterally withdraw from a case. The SB case? Yes. That was making the observation that it's a common practice. The issue was not presented in that case whether costs include attorney's fees, right? That is correct. There was no analysis of the question. I think practitioners in district court, practitioners would tell you in district courts all over the country, impose attorney's fees as a condition to a 41A2 withdrawal. Has any circuit court addressed that head-on? Certainly not in the context of comparing it to Rule 41D. I'm not aware of that. But I think, Your Honor, looking at the construction of 41A2 together with 41D, it makes more sense and makes the two sub-rules cohere much better if you treat them the same. Let me ask you about that specifically, because to the extent that the basis for reading attorney's fees into costs in 41A2 is the language that appears in 41A2, that is, the action may be dismissed at the plaintiff's request only by court order on terms that the court considers proper in 41A2. 41D used to say, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper. And then in amendments, I believe in 2007, it revised that language to exclude the as it may deem proper language. To the extent, again, you're trying to make an analogy or use the text of the rule to read it in, what, if any, significance is there to the decision of the rules committee to remove that language as it may deem proper is no longer part of 41D? That's a good question. I don't know the answer to the reasoning behind the removal. And certainly if that language were there. If I were to guess, it was because previously they had done it in Rule 23 and they just forgot to do it here and they were catching up. But anyway. That may well be. It looks like I'm out of time. No, no. Go ahead. Go ahead. I have one other question. There's an exception to the American rule if the party has acted in bad faith, vexedly, wantonly, or for oppressive reasons. And that seems to be what you're arguing should be part of Rule 41D. But that's been something that a court at least would have inherent jurisdiction, inherent authority to deal with. But you didn't make that argument to the district court. You made it solely on the basis of Rule 41D. So haven't we waived it? I don't think we've waived it, Your Honor. I think our argument is that the concept of vexatious litigation is embodied in the rule itself. In the Central District of California case, and I'll remember it in a second, Esquivel talks about that, and it's a case worth reading. Your Honor is correct. We did not make a separate sanctions motion, for example, because I think the Rule 41D, at least as we read it, is directly written to deal with precisely the situation. So that seemed the appropriate vehicle for asking for relief. Nonetheless, I take it that if we were to agree that the language of 41D precludes things where they're not provided by the underlying statute or precludes them at all, that given the language in footnote 9 of the district court's opinion that seemed to suggest that the district court may have believed her ruling as to 41D to limit her authority to impose attorneys' fees based on a finding of bad faith and says that it's not going to make a finding of bad faith because that finding is not necessary to support the award of costs under 41D, to the extent that the district court may have misunderstood that limit on her authority, that you would nonetheless be asking us to remand for the district court to consider that question? Absolutely. I think the judge said I don't need to get into that because I don't have that authority. So, yes, Your Honor, we agree with that. But I just would note again that if the court adopts a rule that looks to the underlying statute, then you have a real issue when it comes to diversity in common law. Thank you, Your Honor. Thank you. May it please the Court. My name is Susan Burke and I represent the Garza, the Mexican estate. You don't have a real issue with diversity. What you have is the American rule. The American rule applies and remains in good force and effect. That is the rule that pervades. We have Aleska Merrick and Baker Bevotz say we are not allowing counsel to go on a roving exercise trying to find authority to have attorneys' fees. But if we accept all that, just going back to the last argument that was raised here, if the judge erred by not understanding perhaps an exception to the American rule that the court would have had authority to review in terms of bad faith, don't we need to remand? No, Your Honor, because the district court, I actually read that footnote to mean that she realized that bad faith was an issue in the discussion. She knows she has the inherent power, separate and apart from Rule 41D, to exercise her role as a district court to ensure proper judicial process. There simply wasn't the level of conduct here that precipitated her to make a finding of bad faith. Now, the case did get off to a rocky start. But when you look at the footnote here, it looks like the court was tying it in to an award of costs under Rule 41D. Forget 41D for the moment. Let's say you need something expressed. Let's say it's not there. But why could you not, under the inherent authority of a court,  Well, I think obviously the Citibank has waived that argument since they had the opportunity and did not ask the district court to award fees on that basis. But in addition, when the district court made her finding and did in fact impose costs on us, she could have noted in that context that it was bad faith, but rather she made a point of saying, I'm not doing this because I'm finding bad faith. I'm allowed to put this burden and have you pay this money and jump over this hurdle. It was not a finding of bad faith. And I think the court was sensitive to the fact that the prior district judge in the Southern District of New York, who was closer to the facts that are the gravamen of the bad faith, that judge actually held, no, she was not going to sanction the parties or the council, and she was not going to make a finding of bad faith. So I read that footnote as the district court. That's not quite accurate as to the Southern District, right? And the Southern District Court recognized that the plaintiff's conduct and counsel's in the litigation raises questions about whether they acted properly, concludes they didn't rise to the level of bad faith, and then specifically decides not to impose sanctions, explaining that the rules provide safeguards for defendants if plaintiffs commence a second action, including by barring plaintiffs from voluntarily dismissing the case without prejudice a second time, and by permitting the court in the subsequent action to order plaintiffs to pay all of the defendant's costs and fees in a dismissed action. The Southern District seemed to anticipate that if you took this action and put them to the additional cost and burden of moving forward, that fees would be awarded. Well, in fact, we did have to pay the costs. We were not allowed to simply move forward without any barrier and without any obstacle. There were costs imposed, and those had to be paid before we were allowed to go forward. Now, the district court did mention fees in her decision, but she did make a finding that she was not going to penalize. She did not find it rose to the level of bad faith. And, frankly, her reference to attorney's fees is simply wrong under the law when you look at Aleska and Merrick and Baker. That term, costs, in Rule 41D, gives no textual support to the notion of attorney's fees. Now, she's not the only district court that has made that error, but when you look at the body of jurisprudence, particularly the Supreme Court jurisprudence, it's quite clear that the better result, the result that's been reached in all published decisions by all circuits, is that we do not depart from the American rule and we do not impose fees except in those instances where we can evidence a fee-shifting intent by Congress, and we find that intent by looking at a different statute. Certainly, that's the question before us today, but when we consider that the Southern District was raising the concern that moving forward and refiling would be a reflection of bad faith, anticipating if that were to happen, and then footnote 9, where the district court here simply omitted to make a finding as to bad faith and indicates that the reason that she's not making a finding is because she's addressing the question of costs without getting into anything else to the authority to award fees, don't we need to remand for the district court to decide one way or the other about the proper exercise of her authority under 1927 or Rule 37 or the inherent powers of the district court? I do not believe you need to remand because I believe that the district court judge was well aware, sitting as a district court judge, was well aware of her inherent powers. Now, counsel for sitting has weighed the argument that she should have exercised those inherent powers to put an extraordinary fee burden on us and essentially over a million dollars in order to take advantage of the legally permissible ability to dismiss without prejudice and then refile. So I do not think it was certainly perhaps oversight by city in not asking for it, but the district court judge was well aware of their argument that there is bad faith. She's well aware of her, not just inherent power, but indeed her duty to police the court system and to ensure judicial economy, judicial efficiency, and that counsel and parties all behave properly. So there's certainly no evidence to point to that this district court judge was unaware of her inherent authority. And so I think that the fact that she had the case before her, she had them argue right at the very beginning that the case should not be allowed to go forward without some sort of extraordinary cost shifting. So she certainly knew, regardless of her legally correct finding on what the term costs in Rule 41D, she knew she was making a legal analysis, and I think she pegged that correctly. That is the only outcome consistent with the Supreme Court jurisprudence. But she certainly knew as she did that that she had other tools in her toolbox of handling litigation. She certainly was aware of Citi's view that the facts arose to bad faith. She certainly was aware of the district court in New York who was quite... We generally try to interpret statutes and rules as well so that their terms are not rendered meaningless or dead letter. Multiple district courts have recognized that allowing only costs and not attorney's fees, given the de minimis deterrent effect that would have on form shopping, for example, would render the rule a dead letter. Shouldn't that inform our construction of the rule? No, it shouldn't. What you're really dealing with there is the exact kind of policymaking that the Supreme Court in the Baker case warned against. If there is some sort of flood of problem, it's really up to Congress and it's up to the Rules Committee to address that. The Supreme Court has spoken quite clearly that you don't, as the judicial system, you don't want to make the policy. And I would also note that I have yet to see evidence that there's some sort of flood of problems arising from this. Yes, some district courts have made a legal error and awarded fees. I've seen no fee awards of the magnitude that's being sought here, millions of dollars. You've seen occasionally a $10,000 award or a $13,000 award. But certainly we should take very seriously the Supreme Court teaching in Baker that we don't want to go on a roving mission, a policy mission, to try to change the American rule. Let me go back to some of the facts here. The executor sought to access funds reportedly held by a Citicorp sub, Banco Nacional de Mexico. That's being litigated in Mexico, right? No, Your Honor. It was? Was it being litigated in Mexico? No, it was probated in Mexico. So the estate filed in probate court. The probate court issued orders telling Citi to produce documents or produce the money. Tell Citi or tell Banco Nacional? Citi operates as Banco Nacional there. Banco Nacional is a sub, right? It is a subsidiary, yes, in Mexico. Citi actually operates as a global bank, and under NAFTA it has permission as an American bank to operate in Mexico. But you then come against Citi in New York. You're told that no claim is going to survive, so you voluntarily dismiss. And then you file this stripped-down version in Delaware. Why'd you do that? Well, the reason that the case in the Southern District of New York did not survive is that it was improperly pled. The council pled diversity with non-diverse parties. Then in an effort to try to correct that mistake, they did an extreme overreach, arguing RICO and alien tort claims. So the posture of the case in the Southern District of New York was not tenable. That does not mean that there is not, in fact, a meritorious claim. What you have is you have Citi having possession of hundreds of millions of dollars of funds that do not belong to the bank. Citi, or it's... We believe it's Citi. We believe Citi has represented to the American government and the Mexican government that it controls what goes on in Mexico. And that's what we pled in our complaint. We said Citi, there's been an extraordinary amount of fraud that has been admitted by Citi in its Mexican banking operations. So Citi, people sitting in New York running that global bank in New York are the ones that are calling the shots about what's going on in Mexico. And so what we pled in a very simple, straightforward way in Delaware is that there's no set of facts by which this global bank should be allowed to keep this money. And there's no litigation going on except here in the United States that is a court that has the power to order Citi to turn it over. So the probate court orders, they haven't been abided by by Citi. Had they been abided by, we wouldn't be here. There would be no issue. But isn't this really going to the argument about whether or not there was a bad faith filing in this case in particular after the first case was voluntarily dismissed? So isn't that the argument that the district court needs to look at in the first instance? Well, and, Your Honor, the district court did look at that. I mean, the court below had before it Citi's argument that this case should not be allowed to proceed, that the courthouse door should be shut. And they argued at length in voluminous briefing that the circumstances that led to the need to dismiss and then refile were sufficiently onerous that we should be barred from going forward. So the court had that issue before her. Shouldn't we read into the word cost under 41D then the exception to the American rule that it could be two-pronged, it could be sort of the Merrick one where there's the underlying statute would permit it, or there is an exception for bad faith so that it could be part of the 41D analysis? I think that the Supreme Court teachings in Merrick, Aleska, and Baker really preclude that approach because what you would be doing then is creating a host of uncertainty on what is a very clear text. The text says cost. Certainly Congress and the Rules Committee know how to use the word attorney's fees in instances when they want to use those rules. So you don't want to basically undercut the clarity that now exists in the federal rules because doing so would basically precipitate it. The Supreme Court already did that under Rule 68, and they didn't need in that particular case to get to the second issue of the exception to the American rule because there was an underlying statute that permitted the fee shifting. And this is why this is actually not a good case to try to create some sort of exception because here we have no other statute. Citi is proceeding only on Rule 41. So this, if you apply Merrick and you apply Baker and Aleska, this doesn't fall into a category of creating a second prong. Now given the large number of congressionally passed statutes that have fee shifting, there are going to be many, many instances when under Rule 41 you're going to be able to use a Merrick analysis, a Baker analysis, and come up with a viable argument that there should be fees. Can we look back to the text of the rule? The question I was asking earlier about 41A2 and the language that was revised in 41D. Do you disagree that in the context of 41A2 that costs do include attorney's fees? Well, I think there because of the text that Your Honor mentioned previously, you're really looking at the language of it refers to the terms and conditions that Thomas Sensen negotiated with the parties. So I think it is broader language than what you find in 41D. But with that language that was deleted in the amendment to 41D, that is the court making such order for the payment of costs of the action previously dismissed as it may deem proper, that no longer appears, yet the committee note indicates that only stylistic changes were made in the amendments that revised 41D. In view of that, should we be considering the concept of as it may deem proper still inherent in 41D, and don't we run into a problem in construing a rule where we would be looking to a different understanding of the term cost in one subsection than another subsection? Well, I think that the, and may I proceed? Go ahead. Thank you. I think that what is clear from the Supreme Court is that when you look at the federal rules, and we can see this in the merit analysis, when you look at the federal rules, the term cost should be in fact interpreted uniformly, and it should be interpreted consistent with the American rule to exclude fees, except in those instances when there's a statute. So regardless of whether it's stylistic or substantive, the Supreme Court jurisprudence on how one reads Rule 41D controls us, and it teaches us that that term cost has in fact an agreed-upon meaning, and that agreed-upon meaning is the American rule. And so here we have no statutory basis upon which to hang an underpinning of the American rule, and the American rule should prevail, and there should not be fee shifting. Thank you very much. Thank you. You're welcome. If you're coming up, maybe you could answer the point that was asserted, that you did not make a separate request for attorney's fees to be assessed because of what you believe was bad faith. Your Honor, that's correct. We did not, for what it's worth. The reason we did not is if you look at the decision of the judge in the Southern District case, where we did ask for attorney's fees and we did ask for sanctions, the judge said, no, I'm not going to permit those in that case because the plaintiff is entitled to discontinue under Rule 41. So I'm not going to do that. But you have a remedy, and the remedy is Rule 41D. So in Delaware, did you then make, when they refiled, a claim that the court should exercise its inherent power to assess attorney's fees as a result of vexatious conduct that is equivalent to bad faith? Your Honor, we could have done that, and maybe we should have done that, but we proceeded under Rule 41D because we thought that it does include and encompass attorney's fees, and it was what the Southern District judge essentially directed us to do. That has no influence on how you interpret the rule, but that explains why we did what we did. Your Honor, you asked about... Did you make the arguments as to bad faith on the facts, on the record, that you've made in your refund appeal? Excuse me? Did you make before the district court the arguments as to bad faith on the conduct of plaintiff counsel in the district court? Yes. And on that point, Your Honor, irrespective of whether prior counsel in the case for the plaintiffs poorly pleaded the case or whatever, this is an absolutely clear-cut case of form shopping. There is no question about that. There's no reason to leave the Southern District in New York where the case was brought and where there was one amendment, two amendments, and sought a second amendment which was denied. There's no reason to discontinue on the eve of the district court dismissing the case with prejudice, which is what the district court judge said she was going to do to come to Delaware, other than form shopping. I thought the claim was that there was a... It turned out that there may have been a lack of diversity. Well, they can bring... The same claim they brought in Delaware they can bring in the Southern District. Whether there's diversity or not doesn't influence which district court... What were you saying then, in New York, besides diversity issues, besides possible jurisdictional issues, that would have caused the case to want to be filed elsewhere then? To avoid the Southern District. Well, what was said? They didn't say anything. They just filed a notice of discontinuance. They don't have to say anything else. I get it. I mean, look, maybe we ought to get Ms. Burke back and ask her. But if something happened in New York so that there was a decision made to dismiss, we were told it was one thing, you're saying it was something else, but I'm not sure what that something else is or was. She's saying that there was a concern about diversity. Correct. And you're saying that's not really true, that it's the same... Is there the same diversity in Delaware that there would have been in New York? Diversity is determined by the residence of the parties. Correct. So that can't change depending on which venue you bring the case in. And what was the residence of the parties here? The city group is Delaware, and the plaintiff is an alien, I believe. Okay. I've run out of time, Your Honor. Just one other thing. Counsel mentioned the extraordinary fees we were asking for. Obviously, first of all, we did not ask for millions of dollars of fees. Second of all, the costs in this case were $200, which proves that if you limit it to cost, there's absolutely no deterrent whatsoever. And thirdly, the district court obviously has, under the language of the rule itself, the right to impose some or all of costs. So, of course, the district court has discretion. And finally, Your Honor, just on the textual question, the argument that the rule does not contain the words attorney's fees and therefore you can't expand a rule or a statute that just says costs to include attorney's fees, that was made in the dissent in Merrick, and it was rejected by the majority. So Merrick does stand for the proposition that you can look beyond simply the absence of attorney's fees to divine the intent of Congress, and the intent of Congress here fundamentally is that this is a gatekeeping deterrence rule, which we believe is served by including attorney's fees. Thank you, Your Honor. Okay, thank you very much. One quick question of you, Mr. Brook. Is there any other reason other than diversity concerns that you ceased to file? You filed in New York to begin with thinking that you had jurisdiction, right? Well, Your Honor, the counsel that handled it in New York filed a complaint on it that was facially non-diverse and yet pled diversity, and then made a very fruitless and, in my view, improper effort to claim RICO and Alien Tort Claims Act, which, as Your Honor knows under SOSA, you really need conduct rising to the level of war crimes, crimes against humanity. So there was an overreach in New York that was just facially wrong. Is that bad faith then? Well, Your Honor, the district court judge in New York was certainly asked to rule that it was, that it rose to that level, and to sanction counsel, and she did not. So that's a matter that's been adjudicated. From my perspective, having been brought in at the very tail end, when we looked at it, we thought, okay, the appropriate way to proceed is as we proceeded, and we filed in Delaware. Why wouldn't it be to let the Southern District decide on the merits, even if that meant a dismissal with prejudice, as the court indicated it was inclined to do? Well, the court was going to dismiss it with prejudice, without doubt. I mean, she was very clear that she was about to dismiss it without prejudice. As I said, I was brought in at the very last hearing, and I represented that they understood, and having been brought in, I would want an opportunity to fix the problems, and she made it clear she had had enough of the case. Her patience was tried by all these paths, and that there would be no opportunity to cure the problems. Isn't a voluntary dismissal without prejudice and refiling in another district then classic forum shopping? No, Your Honor. We looked at this quite seriously as to whether or not we are allowed to take advantage of that remedy that exists in the federal rules, and we are. It was then litigated. Right immediately when we did that, it was then litigated extensively in New York. Wait, are they allowed to do that? Is that fair and appropriate under the federal rules? There is an exception when bad faith is there. There is an exception that can block you from using that rule, and the Southern District of New York judge perhaps taking pity on the fact that the Mexican estate had made a misstep with who they engaged originally, the Southern District of New York did not apply that case law on that exception, and she allowed us to dismiss voluntarily without prejudice. So I'm not saying that she couldn't have ruled the other way, but she had all the facts before her. She had our representations as to why it got off on the wrong foot and why we had done what we did, and she allowed us to voluntarily dismiss without prejudice, despite the fact that she had been just on the verge of ruling against us. I would ask if, by the way, well done on both sides. I would ask if counsel would have a transcript, a pair of the sole argument, and then I'll split the cost if you would, please. Certainly. And we're going to take a ten-minute recess.